ROGERS v. VAN BLARCOM.

1. FENCES—ORAL AGREEMENT—COVENANTS RUNNING WITH LAND.
   While an oral agreement between adjoining owners to maintain or to erect and maintain a line fence is binding upon the parties to the agreement and such of their successors in title as have notice thereof or when recognized and acted upon by those in privity with the parties, the agreement does not run with the land and is not binding upon a grantee of one of the parties, who has no notice thereof.

2. SAME—STATUTES—REVIEW OF ACTION OF VIEWERS BY COURT OF EQUITY.
   Although statutes do not provide for an appeal from the determination of fence viewers, a court of chancery can review their action and annul their determination when it is found to have been arbitrarily made or inequitable to either of the interested parties (1 Comp. Laws 1929, § 1068).

3. SAME—L-SHAPED PARTITION FENCE—FINDING OF VIEWERS.
   Where L-shaped partition fence ran 40 rods north and south, then 40 rods east from south end, determination of fence viewers that plaintiff should maintain the north and south portion and defendant the other half *held*, not against the just rights of either of the parties since they would then have a continuous 40-rod strip to fence, notwithstanding fact that plaintiff and previous owners had each erected and maintained one-half of each 40-rod strip for about 30 years.

Appeal from Eaton; McDonald (Archie D.), J. Submitted April 11, 1947. (Docket No. 62, Calendar No. 43,630.) Decided June 27, 1947.

Bill by John Rogers against Claude Van Blarcom and others to set aside determination of fence viewers. Decree for defendants. Plaintiff appeals. Affirmed.

*Rosslyn L. Sowers* and *Robert C. Carr,* for plaintiff.

*George W. Watson,* for defendants.

SHARPE, J.   This suit involves the maintenance of a line fence by the respective adjoining owners.

The fence originally built some 36 years ago is now in need of repair.   The fence in question runs east and west for a distance of 40 rods and north and south for a distance of 40 rods, the south end of the fence running north and south connecting with the west end of the fence running east and west forming an "L" shaped line of fence.   Defendant Bernice Van Buren is the owner of lands north and east of the fence, while plaintiff is the owner of lands lying south and west of the fence.

It is the claim of plaintiff that he has been the owner of his land for a period of more than 37 years; that at the time he acquired his lands, the land now owned by defendant Bernice Van Buren was owned by one Strimbach; that plaintiff and Strimbach entered into an oral agreement to erect and maintain the east and west fence; that plaintiff built the west one half of said fence while Strimbach built the east half of said fence; that approximately 30 years ago Strimbach sold his lands to one Fray; that plaintiff and Fray entered into an oral agreement to erect and maintain the north and south fence in question; that plaintiff was to maintain the south 20 rods of said fence and Fray was to maintain the north 20 rods of said fence; that about 14 years ago Mrs. Bernice Van Buren became the owner of the property formerly owned by Strimbach; that plaintiff has maintained his portion of the fence to date, but that the other portion of the

fence has deteriorated and is in need of repairs; that the land on each side of the fence is used for pasturage; and that plaintiff has never had any agreement with Mrs. Van Buren for the maintenance of any portion of the fence.

The record shows that the other defendants named herein are fence viewers of Sunfield township in Eaton county. In August, 1944, plaintiff called on the township highway commissioner, advised him of the old agreement to keep the fence in repair and requested that the fence viewers act. The fence viewers examined the premises and made a written determination that plaintiff should maintain the 40 rods of fence running north and south; and that Mrs. Van Buren should maintain the 40 rods of fence running east and west. On August 29, 1944, the township board approved the action taken by the fence viewers.

Plaintiff began the present suit, alleging that the fence viewers did not have authority to change or divide the portion of the fence which the original land owners had built and maintained over a period of more than 30 years. The cause came on for trial and the trial court entered a decree affirming the action taken by the fence viewers.

Section 1068, 1 Comp. Laws 1929 (Stat. Ann. § 5.215), reads as follows:

"When any controversy shall arise about the rights of the respective occupants, in partition fences, or their obligation to maintain the same, either party may apply to two or more fence viewers of the township where the lands lie, who, after due notice to each party, may in writing assign to each his share thereof, and direct the time within which each party shall erect or repair his share of the fence in the manner provided; which assignment, being recorded in the township clerk's office, shall

be binding upon the parties, and upon all the succeeding occupants of the lands; and they shall be obliged always thereafter to maintain their respective portions of said fence.''

It is admitted that plaintiff has no agreement with Mrs. Van Buren for the maintenance of the fence, nor is there any evidence that she knew of the claimed agreement between the original owners.

The trial court in affirming the action of the fence viewers reasons as follows:

''In examining 1 Comp. Laws 1929, § 1068 (Stat. Ann. § 5.215), above referred to, it will be noted that the fence viewers 'may in writing assign to each his share thereof, and direct the time within which each party shall erect or repair his share of the fence in the manner before provided, which assignment, being recorded in the township clerk's office, shall be binding upon the parties,' et cetera.

''This cause has been brought into a court of equity, presumably because there appears to be no provision for an appeal from the fence viewers' decision, and therefore there must be something inequitable about the action of the fence viewers before the court could set aside their finding.

''The court does not find anything inequitable in their division, and it is admitted that there is some disagreement about the condition of the fence. It would seem that inasmuch as the plaintiff called in the fence viewers, that he is not in an equitable position to complain of their action. Added to this is also the important fact that there was no such agreement between the plaintiff and the defendant Van Buren, and no notice on her part of the agreement as claimed by plaintiff.

''The finding of the fence viewers will therefore stand, and the plaintiff's bill is dismissed, with costs to be taxed.''

In 22 Am. Jur. p. 526, it is said:

"Although some authorities declare that an oral fencing agreement does not run with the land, and therefore is not binding upon a grantee of one of the parties, it is held that an agreement by adjoining owners to maintain or to erect and maintain each a definite portion of a partition fence is not required to be in writing and that an oral agreement of this kind is binding until repudiated upon the parties and such of their successors in title as have notice or when recognized and acted upon by those in privity with the parties thereto."

In our opinion the above rule is an equitable and just rule to follow. But Mrs. Van Buren, not having notice of the oral agreement between the original land owners, is not bound by such agreement.

In the case at bar the fence viewers met and established the portion of the line fence which each of the parties should maintain. Their determination was approved by the township board and a record made thereof in the office of the township clerk. While the laws of Michigan do not provide for an appeal from the determination of fence viewers, yet a court of chancery can review such action on the part of the fence viewers and annul their determination when it is found that their determination was arbitrarily made or inequitable to either of the interested parties. In the case at bar the fence viewers determined that each of the parties should have a continuous 40-rod strip of fence to maintain. We cannot say that such determination was against the just rights of either of the parties.

The decree of the trial court dismissing plaintiff's bill of complaint is affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES REID, NORTH, and DETHMERS, JJ., concurred.